IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL SPRIGGS, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION |
| v. | ) | NO. 1:22-CV-01474 |
| | ) | |
| CITY OF HARRISBURG, et al., | ) | |
| Defendants | ) | |

## DEFENDANT CITY OF HARRISBURG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant City of Harrisburg ("Answering Defendant"), by and through their counsel, Lavery Law, hereby files their Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Doc. 38) as follows, denying each and every averment set forth therein except those as expressly admitted.

I.    **Introduction**

1.    Denied. Plaintiff was terminated from a Department Head level position of responsibility for admitted violations of policy. The termination was not pretextual. His attempted whistleblower action is fatally flawed. He has no viable claim whatsoever against the City. Strict proof of the same is demanded.

2.    Denied. The only remaining complaint against the City relates to the Plaintiff's false whistleblower claim. The Plaintiff violated policy and has filed a

false whistleblower claim to which he is not entitled to relief.  He does not meet the standards for such a claim.

II.    **Parties**

3.    Denied in part and admitted in part. The first sentence is admitted. After reasonable investigation, Answering Defendant is unable to confirm or deny the Plaintiff's current residency.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

9.    Admitted.

10.    Admitted in part and denied in part.  The Mayor is married. After reasonable investigation, Answering Defendant is unable to confirm or deny how many children or grandchildren she may have.

11.    The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

III.    **Jurisdiction and Venue**

12.    Admitted.

13.     Admitted.

14.     Admitted.

IV.     **Factual Background**

15.     Admitted in part and denied in part.  Upon information and belief, the Defendant admits the Plaintiff was raised in Dauphin County and attended William Penn High School. After reasonable investigation, Answering Defendant is unable to confirm or deny the birthplace of the Plaintiff or when the Plaintiff graduated from high school.

16.     Admitted. Plaintiff began working for the City in 1996 as a laborer.

17.     Admitted.

18.     Denied.   After reasonable investigation, Answering Defendant is unable to confirm or deny when Plaintiff started management-level work.

19.     Admitted.

20.     Denied.   After reasonable investigation, Answering Defendant is unable to confirm or deny when Plaintiff attained any higher education.

21.     Admitted.

22.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

23.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

24.    Denied as stated. After reasonable investigation, Answering Defendant is able to confirm that Plaintiff resumed work for the Defendant before the November general election. The remainder of the averments alleged are not addressed to the Answering Defendant, as such affirmation or denial is required.

25.    Denied as stated. After reasonable investigation, Answering Defendant can confirm the Plaintiff previously worked for the Defendant in both managerial and non-managerial roles and subsequently resumed his employment with the City on or about September 27, 2021 as Director of Public Works, at which time he held that title concurrently with David West. The remaining averments regarding the attitude of the Mayor prior to taking office do not apply to the Answering Defendant, as such no affirmation nor denial is required.

26.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

27.    Denied.    After reasonable investigation, Answering Defendant is unable to confirm or deny whether Dokens had exhausted his paid leave in the relevant time. Strict proof thereof is demanded.

28.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

29.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

4

30.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

31.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

32.     Denied as stated.  The position of City Island Superintendent has been obsolete for decades, the sole City Island employee is a non-managerial, unionized stadium groundskeeper job that was not vacant during the time relevant to the averment and has been held by the same individual for many years.

33.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

34.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

35.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

36.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

37.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

38.     Denied as stated.  After reasonable investigation, Answering Defendant is unable to confirm or deny any such alleged complaint filed by an employee of

Defendant against the Plaintiff as alleged here without additional information about the identity of the alleged employee and/or the specific circumstances of the alleged complaint. The failure to adequately identify the alleged employee referenced in ¶34-38 makes it impossible for the Answering Defendant to verify, confirm, or deny the Plaintiff's allegations.

39.    Denied as stated.  The Chief Counsel of the State Ethics Commission visited the City at the express invitation of the Answering Defendant in response to a request by the City Solicitor to conduct proactive ethics training for City employees in the new mayoral administration. The Plaintiff mischaracterizes both the origins and the reasons for the presentation.

40.    Denied.  The  Plaintiff was explicitly directed by the Defendant's City Solicitor not to promote the Mayor's son, pursuant to the Pennsylvania Public Official and Employee Ethics Act, 65 Pa. C.S. §§1101-1113.

41.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

42.    Denied as stated. The Plaintiff never so notified the City Solicitor. To the contrary, the City Solicitor directed the Plaintiff that such a promotion of a close family member of a senior official, if it were acted upon, would be against the law, but no such action was undertaken.

43.     Denied as stated. There was no such conversation as averred in this paragraph. Rather, the City Solicitor directed the Plaintiff not to undertake such an action, and the Plaintiff, in reply, observed that he "had been wondering about it." The Plaintiff did not initially express concern about Dockens or affirmatively object to any course of action regarding Dockens, but merely assented when so directed on the law by the City Solicitor.

44.     Denied as stated. No such conversation as averred occurred. At no point did the Plaintiff proactively raise the ethical issues around Dockens with the City Solicitor. It is an egregious misstatement of the true conversation, in which the City Solicitor directed the Plaintiff on ethical obligations under the law.

45.     Denied as stated. The City Solicitor directed Plaintiff that such a promotion would be a potential violation and that no such action would occur. The City Solicitor advised the Plaintiff of potential liability, both civil and criminal, for the Mayor and others.

46.     Denied as stated.  The Answering Defendant can confirm that the Mayor called the Plaintiff immediately following the Plaintiff's exchange with the City Solicitor. After reasonable investigation, Answering Defendant is unable to confirm or deny the substance of the Mayor's conversation with the Plaintiff, and Defendant asserts privilege as to any confidential communications between the City Solicitor and the Mayor in an official capacity.

47.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

48.    Denied as stated.   After reasonable investigation, the Answering Defendant cannot confirm that Lisa Blackston called the Plaintiff to schedule the meeting. The Defendant confirms that a meeting including the Plaintiff and the Mayor was indeed scheduled for May 2, 2022.

49.    Denied as stated. A meeting occurred on May 2, 2022, but the Answering Defendant asserts privilege over any legal advice that may have been given to the City and the Mayor in an official capacity by the City Solicitor.

50.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

51.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

52.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

53.    Admitted.

54.    Admitted.

55.    Admitted.

56.    The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

57.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

58.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     Denied as stated. The Plaintiff had in fact signed a request for personnel action form. A payroll action form was generated from his request, but it was not signed by the appropriate upper managerial staff as required to initiate the action because it was never approved. The Plaintiff signed the request for personnel action form two business days before the meeting in which he was terminated, not one. This was because the Plaintiff was away from the office the previous Friday. Upon Defendant's information and belief, the Plaintiff was away from the office to attend a funeral.

63.     Denied as stated.  It is admitted only that Plaintiff made this statement and claim, which are false. Neither Kelley nor Fedor instructed the Plaintiff *to* fill out the forms, nor  could they have. Rather, the Plaintiff may have received instruction *how* to properly fill out and sign the request for personnel action forms if he requested such guidance. The Defendant denies that Finance Director Kelley

instructed the Plaintiff to fill out the forms, and in any case would have had no ability to do so. As a director-level employee and peer to the Plaintiff, Director Kelley would have had no authority over the Plaintiff to instruct him to do anything. Fedor, as a manager-level employee, is subordinate to HR Director Willingham and would have certainly had no authority to instruct the Plaintiff, a director, to do anything either. The Plaintiff would have known this and has in other parts of this complaint demonstrated greater familiarity with the organizational hierarchy of the City than this allegation would indicate. Moreover, the Plaintiff would have already been familiar with both these organizational facts and with the process for filling out such forms. In his capacity as Director of Public Works, the Plaintiff would have been responsible for approximately 70-80 employees in city services at any given time. There was a generally high rate of turnover during the Plaintiff's tenure that would have necessitated the Plaintiff's filing out, signing, and submitting request for personnel action forms every time an employee was hired, promote, resign, or are terminated. As a result of his experience over the preceding nine months (September 19, 2021 – June 21, 2022) the Plaintiff knew or should have known how the process worked.

64.    Denied as stated.  While Plaintiff may have made the statement, the facts alleged are false. No such emails from either Business Manager Hartman or the Mayor allegedly authorizing these request for personnel action forms exist.

65.     Denied. Business Manager Hartman never made such a statement. Plaintiff was fired for wrongdoing, repeated insubordination, and for acts he admits he committed.

66.     Denied as stated. The Plaintiff was never "given" forms to sign; he initiated and submitted a personnel request with his own signature; the request was unapproved. The Plaintiff had access to the request for personnel action forms via the program Laserfiche on his computer and would have been familiar with the process of initiating such a request and filing out the forms. The forms originated with the Plaintiff. HR Director Willingham did not approve the request, meaning it never reached the stage where it could be submitted for approval or disapproval by the Budget Manager Timothy Brooks or, in his absence, Finance Director Kelley. Neither Kelley nor Fedor approved the personnel request the Plaintiff submitted, nor could either of them have done so. The request remained unapproved. As a consequence, no payroll action forms were ever generated by Payroll Manager Sarah Fedor for the underlying request.

67.     Denied.  The Mayor did not approve of the acts that led to Plaintiff being terminated and in fact repeatedly informed the Plaintiff in front of witnesses that she did not approve of the desired payroll increase. The City Council does not approve payroll decisions; it only votes on a budget. The budget imposes a maximum limit on salaries, but it does not set actual pay rates, which are at the discretion of

the executive branch. When a personnel request form is submitted, usually by the departmental director whose department employs the individual for whom the salary change is being sought, it must be approved by the Human Resources Department, the Budget Manager or the Finance Director, the Business Manager, and finally, the Mayor. Of these five necessary steps, only one was fulfilled: the Plaintiff, in his capacity as then-Director of Public Works, had approved the instant payroll action that he himself had initiated.

68.     Denied.  Plaintiff was terminated for acts he admits he committed.  The Plaintiff had repeatedly and persistently violated direct instructions and violated proper procedure. The termination was not pretextual.

## FIRST CAUSE OF ACTION
## (AGAINST WILLIAMS IN HER INDIVIDUAL CAPACITY ONLY)
## VIOLATIONS OF THE FIRST AMENDMENT
## <u>TO THE UNITED STATES CONSTITUTION</u>

69.     The paragraph is an incorporation by reference, and it requires neither affirmation nor denial but to any extent necessary it is denied.

70.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

71.     The averments are a statement of law, for which neither affirmation nor denial is required, but to the extent any is necessary, the averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

72.     The averments are a statement of law, for which neither affirmation nor denial is required, but to the extent any is necessary, the averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

73.     The averments are a statement of law, for which neither affirmation nor denial is required, but to the extent any is necessary, the averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

74.     The averments are a statement of law, for which neither affirmation nor denial is required, but to the extent any is necessary, the averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

75.     The averments are a statement of law, for which neither affirmation nor denial is required, but to the extent any is necessary, the averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

76.     The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

77.     The averments are a conclusion of law, for which neither affirmation nor denial is required, but to the extent any is necessary, the averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

78.     The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

79.   The averments do not apply to the Answering Defendant, as such no affirmation nor denial is required.

80.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

81.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

82.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

83.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

84.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

85.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE PENNSYLVANIA WHISTLEBLOWER LAW
### (against the City of Harrisburg only)

86.    The paragraph is an incorporation by reference, and it requires neither affirmation nor denial but to any extent necessary it is denied.

87.   Denied. This is a conclusion of law and requires neither an affirmation nor a denial; to the extent that an answer is required, it is denied.

14

88.     Denied. This is a conclusion of law and requires neither an affirmation nor a denial; to the extent that an answer is required, it is denied.

89.     Denied. This is a conclusion of law and requires neither an affirmation nor a denial; to the extent that an answer is required, it is denied.

90.     Denied.  Plaintiff's activity was not protected under the law.  There was neither waste nor wrongdoing.  Strict proof of the same is demanded.

91.     Denied.  Plaintiff was terminated almost three months after the alleged reporting. His termination was for conduct he admits to performing. He was terminated solely for his own willful, repeated, and persistent violations of policy. The Plaintiff's termination was justified on the merits, not pretextual.

92.     Denied.  If Plaintiff suffered any such losses herein alleged, they are entirely his own fault.

### THIRD CAUSE OF ACTION
### (AGAINST WILLIAMS IN HER INDIVIDUAL CAPACITY ONLY)
### <u>RACIAL DISCRIMINATION IN MAKING AND ENFORCING CONTRACTS</u>

93.      The paragraph is an incorporation by reference, and it requires neither affirmation nor denial but to any extent necessary it is denied.

94.     Denied. The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required. To the extent any response is required, the City Solicitor is legal counsel for the Answering Defendant, the Plaintiff was

formerly employed as Director of Public Works. While the former would be relied upon for legal advice, the latter would not. Their roles are not comparable.

95.    Denied. The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required. To the extent any response is required, as above, the roles of Director of Public Works and City Solicitor are not comparable.

96.    The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

97.[sic] The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required. (The duplicate "97" occurs in the Plaintiff's amended complaint and is reflected here accordingly.)

97.    Denied. The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required. To the extent any denial is required, as previously stated above, the roles of Director of Public Works and City Solicitor are not comparable.

98.    The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

99.    The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

100.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

101.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

102.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

103.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

104.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

105.   The averments are not addressed to the Answering Defendant, as such no affirmation nor denial is required.

The **WHEREFORE** paragraph is a prayer for relief, and each of its sub-parts A-I are hereby denied.

## AFFIRMATIVE DEFENSES

Answering Defendant, City of Harrisburg, reserves the right to assert any and all applicable defenses to Plaintiff's claims.  To date, the parties have not completed discovery related to this action.  Answering Defendant reserves the right to amend or otherwise supplement this pleading on that basis.  Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are

affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defenses must be set forth in their Answer, Answering Defendant asserts the following:

### First Affirmative Defense

Plaintiff's Amended Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted against the Answering Defendant.

### Second Affirmative Defense

Answering Defendant asserts that at all times material to Plaintiff's Amended Complaint, they never violated clearly established law and at all times acted in a manner which was proper, reasonable and lawful and under the exercise of good faith.

### Third Affirmative Defense

No act or failure to act on the part of Answering Defendant violated any Constitutional rights of Plaintiff.

### Fourth Affirmative Defense

At no time did the conduct or actions of the Answering Defendant rise to the level of gross negligence or arbitrariness that shocks the conscience. *Miller v. City of Philadelphia*, 174 F.3d 368 (3d Cir. 1999).

### Fifth Affirmative Defense

Answering Defendant asserts immunity from the imposition of damages, which are premised upon negligent conduct, as that term is defined in *Davidson v. Cannon* 106 S. Ct. 668 (1997); and *Daniels v. Williams*, 106 S. Ct. 662 (1986).

### Sixth Affirmative Defense

Answering Defendants assert all official immunity, statutory immunity, and common law immunity to all claims asserted under either Federal or Commonwealth law.

### Seventh Affirmative Defense

Plaintiff was, at all times relevant to Plaintiff's Amended Complaint, afforded all rights and privileges to which he was entitled under the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### Eighth Affirmative Defense

At all times material hereto, the actions of the Answering Defendants were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

### Ninth Affirmative Defense

Plaintiff's alleged injuries, sufferings and/or damages, if any, were caused by his own conduct, negligence, recklessness, disregard, criminal and other behavior, and not in any way by the conduct of the Answering Defendant.

## Tenth Affirmative Defense

Answering Defendant asserts all defenses available to them under the Civil Rights Act of 1871.

## Eleventh Affirmative Defense

At no time material hereto did Answering Defendant act in bad faith or wantonly, recklessly, or maliciously or with disregard to Plaintiff.

## Twelfth Affirmative Defense

Plaintiff's action does not meet the standards of the elements of the Pennsylvania Whistleblower Law.  As such the law does not apply in this case.

## Thirteenth Affirmative Defense

No act, action or omission of the Answering Defendant was the proximate cause or illegal cause of any damage allegedly sustained by the Plaintiff and this constitutes a complete defense to the within cause of action.

## Fourteenth Affirmative Defense

To the extent Plaintiff's claims are barred by any judicial determination of any federal court, the Answering Defendant claims same as a defense.

## Fifteenth Affirmative Defense

Plaintiff's claims as to Answering Defendant for punitive damages are limited and/or barred by the United States Constitution and by the laws of the United States.

## Sixteenth Affirmative Defense

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against the Answering Defendant.

## Seventeenth Affirmative Defense

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for a violation of the Constitution under 42 U.S.C. § 1981.

## Eighteenth Affirmative Defense

Answering Defendant asserts all immunity to which they may be entitled under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.

## Nineteenth Affirmative Defense

Answering Defendant reserves the right to amend their Answer and Affirmative Defenses to Plaintiff's Amended Complaint and to assert each and every affirmative defense provided by the Pennsylvania Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

WHEREFORE, Answering Defendant, City of Harrisburg, respectfully requests judgment in their favor against Plaintiff and that Plaintiff's Amended Complaint against them be dismissed with prejudice.

Respectfully submitted,

Lavery Law

By:   */s/  Frank J. Lavery, Jr.*
Frank J. Lavery, Jr., Esquire
Attorney No. 42370
Murray J. Weed, Esquire
Attorney No. 329717
225 Market Street, Suite 304
DATE:  August 11, 2023          Harrisburg, PA 17101-2126
(717) 233-6633 (Telephone)
(717) 233-7003 (Facsimile)
flavery@laverylaw.com
mweed@laverylaw.com
*Attorneys for Defendant City of Harrisburg*

22

## CERTIFICATE OF SERVICE

I, Mindy Kushner, an employee with the law firm of Lavery Law, do hereby certify that on this 11th day of August, 2023, I served a true and correct copy of the foregoing Answer to all counsel of record via this Court's ECF system.


  /s/  *Mindy Kushner*
Mindy Kushner
Legal Assistant


This document has also been electronically filed and is available for viewing and downloading from the ECF system.